UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DOMINIQUE NICOLE WHITAKER individually and on behalf of her minor children KW and NW | * * * * | CIVIL ACTION NO. 16-3421 SECTION: "G"(1) |
| VERSUS | * * | JUDGE NANNETTE JOLIVETTE BROWN |
| GENERAL MOTORS CORP. | * * * | MAGISTRATE JUDGE JANIS VAN MEERVELD |
| ************************************* | * | |

ORDER AND REASONS

Before the Court is the Motion for Leave to File Second Amended Complaint filed by plaintiff Dominique Nicole Whitaker, individually and on behalf of her minor children KW and NW ("Whitaker") (Rec. Doc. 29). For the following reasons, the Motion is GRANTED in part.

Background

Whitaker filed her original complaint on April 19, 2016, alleging injuries arising out of a car accident involving a Chevrolet Suburban in which Whitaker was a front seat passenger. She asserted that the Suburban's passenger side airbag failed to deploy during a collision and that she suffered severe injuries as a result. She named General Motors Corporation ("GM", which has appeared in this lawsuit as General Motors, LLC) as a defendant, urging that GM is liable as manufacturer for the defective airbag that rendered the Suburban unreasonably dangerous. Whitaker has also filed the action on behalf her minor children, alleging that the children have suffered a loss of nurture, guidance and support as a result of her injuries.

Whitaker amended her complaint on May 11, 2016, to name General Motors LLC as the successor to vehicle manufacturer General Motors Corporation. (Rec. Doc. 5). Trial in this matter was originally set to be held on June 26, 2017, and the deadline to amend pleadings was August

1

29, 2016. After holding a status conference with the parties on March 6, 2017, and noting Whitaker's ongoing medical treatment, the District Court granted Whitaker's request for a continuance and reset the trial to September 11, 2017. Whitaker's expert report deadline is now May 23, 2017, and GM's expert report deadline is June 23, 2017.  The discovery deadline is July 11, 2017. The deadline to amend pleadings was not extended.

Whitaker now moves to amend her complaint a second time to add a new theory of relief, also under the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.51 *et seq*. (LPLA). Whitaker asserts that after review of numerous documents produced by GM and in conjunction with additional research and analysis, including a review of photographs, her expert (who inspected the vehicle on June 2, 2016) now suspects that Whitaker's seatbelt uncoupled at impact and that seatbelt failure also played a role in causing Whitaker's injuries. More specifically, Whitaker's proposed second amended complaint alleges she was thrown from the vehicle "as a result of the failure of her seatbelt to remain coupled upon impact, a characteristic of the 2003 Chevrolet Suburban that rendered it unreasonably dangerous during reasonably anticipated use under Louisiana law." According to this proposed pleading, Rec. Doc. 29-2, p. 2, Whitaker's injuries "were proximately caused and/or enhanced in whole or part by the failure of the passenger side seat belt as stated herein." Id. She requested expedited hearing and this Court set the matter for hearing with oral argument on April 12, 2017. GM opposes.

Law and Analysis

1. *Amendment of Pleadings under Rule 16*

Where, as here, the court ordered deadline for amending pleadings has passed, that schedule "may be modified" to allow for additional amendments "only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(2); see S&W Enterprises, L.L.C. v. SouthTrust Bank

of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). When determining whether the movant has shown good cause, the Court considers "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.' " S&W Enterprises, 315 F.3d at 536 (quoting Reliance Ins. Co. v. Louisiana Land & Expl. Co., 110 F.3d 253, 257 (5th Cir. 1997)) (alterations in original). Thus, in S&W Enterprises, the Fifth Circuit affirmed the district court's denial of leave to amend because the movant had offered "effectively no explanation," additional discovery would be required, and a continuance would unnecessarily delay the trial. Id. at 536-37; see Santacruz v. Allstate Texas Lloyd's, Inc., 590 F. App'x 384, 389 (5th Cir. 2014) (affirming the district court's denial of a motion for leave to amend the complaint to add a breach of contract claim filed four months after the scheduling order deadline passed where the amendment would reopen discovery and permit the refiling of a dispositive motion).

2. *Whitaker's Proposed Amendment*

Whitaker's brief argues simply that document discovery and expert analysis revealed the seatbelt theory of relief and that she did not have sufficient information to allege this theory at the time of the pleading amendment deadline. At oral argument, Whitaker's counsel further explained that while there was no particular document that triggered the revelation, the expert developed the theory over time. Counsel represented that he first learned of the seatbelt theory from the expert in late January 2017 and that it was late February when counsel first received written notes from the expert regarding the theory. He raised the possibility of this new claim with GM's counsel around the time of the status conference with the District Judge on March 6, 2017, although it was not

3

mentioned to the District Judge at that conference. This Motion for Leave was filed on March 30, 2017. The Court recognizes that it may well have been possible for plaintiff's expert to discover the seatbelt theory at an earlier time. Certainly, ideally, plaintiff's counsel would have pursued this theory more aggressively once alerted to it. The Court also notes the validity of GM's point that in a motor vehicle accident involving an ejection, the potential role of the seatbelt should have been considered from the outset. However, the Court finds that the other Rule 16 factors weigh in favor of allowing the amendment, so as to outweigh any concerns the Court may have regarding plaintiff's explanation for the failure to amend prior to the August 29, 2016 pleading amendment cutoff date, or to more timely amend thereafter.

As regards those other factors, the Court agrees with Whitaker that the amendment is important to ensure that the case proceeds to trial under the appropriate legal theory. Indeed, as the second of only two theories of liability, it could be the only way she is able to obtain relief.

Further, the Court finds that GM will not suffer any significant prejudice as a result of the amendment. At oral argument, Whitaker's counsel clarified that the seatbelt theory involves only this one vehicle's seatbelt and whether it malfunctioned, and not an overall attack on whether this model of seatbelt was defective and/or appropriately used in vehicles at the time of its manufacture. As such, Whitaker explained that only minimal, targeted written discovery would be required and possibly one or two GM witness depositions regarding manufacturing. Whitaker's counsel committed to timely producing Whitaker's expert report by the May 23, 2017, deadline, regardless of what discovery responses were obtained in the interim. As Whitaker points out, GM's expert reports are not due until June 23, 2017, the discovery deadline is July 11, 2017, and the trial is set to begin September 11, 2017. The Court agrees with Whitaker that such deadlines can be met. Nor

4

is the dispositive motion deadline at risk. With a hearing/submission date of July 19, 2017, GM can file by July 4, almost three months away.

GM counters that there is not enough time to respond to the new theory because it will need time to identify and prepare an expert that can respond to it. The Court recognizes that additional discovery and expert preparation will need to be done on a short timetable. The greatest burden is clearly on plaintiff; Whitaker has only a month to do any necessary discovery and produce its expert report by May 23, 2017. Whitaker has assured the Court that she can do so. GM will then have a month to get its expert report together, or by June 23, 2017. That timeframe, however, is standard in most courts' scheduling orders; the defendant usually only has one month to respond to plaintiff's expert report(s) with its own expert report(s). Nonetheless, the Court is not unsympathetic to the additional burden allowing a seatbelt theory places on GM, which until now, as GM points out, was defending only a fairly straightforward airbag case. In allowing the amendment and thus imposing this burden on GM, the Court is strongly influenced by a) the narrow focus of Whitaker's inquiry on this particular seatbelt, and b) GM's sophistication and litigation experience. GM admitted that it had seatbelt experts on staff, although it claims it may need to go to an outside expert in this case. It also admitted that the seatbelt had already been examined. Furthermore, the parties agreed very little discovery has occurred thus far, although GM produced about 23,000 pages worth of airbag information as part of its initial disclosures. Only the plaintiff and two children have been deposed; their redeposition will not be necessary.

As to the fourth Rule 16 factor, whether a continuance is available to cure any prejudice, the Court notes that at this time, it does not appear that a continuance will be necessary. Further, the parties have not expressed any reason why, if necessary, a continuance would not be available.

After consideration of all four factors, the Court finds that Whitaker has shown good cause for her proposed amendment under the criteria set forth in Rule 16. However, the Court agrees with GM that as currently drafted, Whitaker's proposed amendment fails to clearly allege her seatbelt theory of relief under LPLA. As noted above, Whitaker's counsel clarified at oral argument that Whitaker is challenging the composition or construction of the particular seatbelt at issue and does not seek to raise any design, warning, or warranty issue.

## Conclusion

Whitaker has shown good cause to amend her Complaint to add the seatbelt theory of relief, however, her proposed amendment must be revised to clarify the theory of relief under LPLA. Accordingly, Whitaker's Motion for Leave to Amend is GRANTED in part; on or before Friday, April 14, 2017, Whitaker shall file a revised Second Amended Complaint for Damages, identical in all respects except for specifically pleading the theory of relief under the LPLA.

New Orleans, Louisiana, this 12th day of April, 2017.

*Janis van Meerveld*
Janis van Meerveld
United States Magistrate Judge