UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOMINQUE NICOLE WHITAKER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-3421** |
| **GENERAL MOTORS CORP.** | **SECTION: "G"(1)** |

## ORDER

Before the Court are Defendant General Motors LLC's ("GM") "Motion for De Novo Review of Magistrate Judge's April 12, 2017 Order Granting, In Part, Plaintiff's Motion for Leave to File Second Amended Complaint"[1] and "Motion to Strike Plaintiff's Second Amended Complaint."[2] Plaintiff Dominique Nicole Whitaker ("Whitaker") opposes both motions.[3] Having considered the pending motions, the memoranda in support and in opposition, the record, and the applicable law, the Court will affirm the Magistrate Judge's April 12, 2017 Order and deny the motion to strike.

## I. Background

Whitaker filed her original complaint in this matter on April 19, 2016, individually and on behalf of her minor children KW and NW.[4] In the complaint, Whitaker alleges that she sustained injuries arising out of a car accident involving a Chevrolet Suburban in which Whitaker was a

---

[1] Rec. Doc. 38.

[2] Rec. Doc. 39.

[3] Rec. Doc. 43.

[4] Rec. Doc. 1.

front seat passenger.[5] She asserted that the Suburban's passenger side airbag failed to deploy during a collision and that she suffered severe injuries as a result.[6] She alleged that General Motors Corporation was liable for her damages as manufacturer for the defective airbag that rendered the Suburban unreasonably dangerous.[7] On May 11, 2016, Whitaker amended her complaint to name General Motors LLC "as successor to vehicle manufacturer General Motors Corporation."[8]

On July 29, 2016, the Court's case manager conducted a scheduling conference with the parties and issued a Scheduling Order setting the trial date in this matter for June 26, 2017.[9] On March 7, 2017, the Court continued the trial date in this matter to September 11, 2017, finding that Whitaker had established good cause for a continuance considering that the June 2017 trial date would "not allow sufficient time for the parties to complete discovery on damages and exchange expert reports in light of Plaintiff's ongoing medical treatment."[10]

On March 30, 2017, Whitaker filed a "Motion for Leave to File Second Amended Complaint,"[11] which was referred to the Magistrate Judge pursuant to Local Rule 72.1. Whitaker moved to amend her claim to add a new theory of relief under the Louisiana Products Liability Act ("LPLA").[12] Whitaker argued that after review of numerous documents produced by GM during

---

[5] *Id.* at 1.

[6] *Id.* at 2.

[7] *Id.* at 3.

[8] Rec. Doc. 5.

[9] Rec. Doc. 15.

[10] Rec. Doc. 26 at 2.

[11] Rec. Doc. 29.

[12] Rec. Doc. 29-1.

discovery, her expert suspected that Whitaker's seatbelt "uncoupled at impact and allowed her to exit the vehicle."[13] Whitaker's proposed second amended complaint alleges she was thrown from the vehicle "as a result of the failure of her seatbelt to remain coupled upon impact, a characteristic of the 2003 Chevrolet Suburban that rendered it unreasonably dangerous during reasonably anticipated use under Louisiana law."[14] The Magistrate Judge set the motion for hearing, with oral argument, on April 12, 2017.[15] GM opposed the motion.[16] On April 12, 2017, the Magistrate Judge granted Whitaker's motion in part.[17]

On April 19, 2017, GM filed the instant "Motion for De Novo Review of Magistrate Judge's April 12, 2017 Order Granting, In Part, Plaintiff's Motion for Leave to File Second Amended Complaint"[18] and "Motion to Strike Plaintiff's Second Amended Complaint."[19] On May 1, 2017, Whitaker filed an opposition to both motions.[20]

## C. The Magistrate Judge's April 12, 2017 Order

As noted above, the April 12, 2017 Order granted in part Whitaker's "Motion for Leave to File Second Amended Complaint."[21] The Magistrate Judge noted that the deadline for amendments to pleadings had passed and so Federal Rule of Civil Procedure 16(b) governed the analysis of

---

[13] *Id.* at 2.

[14] Rec. Doc. 29-2 at 2.

[15] Rec. Doc. 34.

[16] Rec. Doc. 32.

[17] Rec. Doc. 35.

[18] Rec. Doc. 38.

[19] Rec. Doc. 39.

[20] Rec. Doc. 43.

[21] Rec. Doc. 35.

Whitaker's motion.[22] The Magistrate Judge also noted that the Fifth Circuit has explained that the four factors bearing on good cause in the context of untimely motions to amend pleadings are: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[23]

Addressing the first factor, the Magistrate Judge noted that Whitaker's motion argued "that document discovery and expert analysis revealed the seatbelt theory of relief and that she did not have sufficient information to allege this theory at the time of the pleading amendment deadline," but at oral argument, Whitaker's counsel explained that the expert developed the theory over time.[24] Whitaker's counsel further represented that he first learned of the seatbelt theory from the expert in late January 2017 and that it was late February when counsel first received written notes from the expert regarding the theory.[25] The Magistrate Judge recognized that it may have been possible for Whitaker's expert to discover the seatbelt theory at an earlier time, but the Magistrate Judge found that the other factors set forth by the Fifth Circuit weighed in favor of allowing the amendment so as to outweigh any concern regarding Plaintiff's failure to amend prior to the August 29, 2016 pleading deadline.[26]

Specifically, the Magistrate Judge found that amendment was important to ensure that the

---

[22] *Id.* at 2–3.

[23] *Id.* at 3 (citing *S&W Enterprises, LLC v. SouthTrust Bank of Alabama, N.A.*, 315 F.3d 533, 536 (5th Cir. 2003)).

[24] *Id.* at 3.

[25] *Id.*

[26] *Id.* at 4.

case proceeds to trial under the appropriate legal theory.[27] The Magistrate Judge found that GM would not suffer any prejudice as a result of the amendment because only minimal, targeted written discovery would be necessary.[28] The Magistrate Judge found that Whitaker could comply with the July 11, 2017 discovery deadline.[29]

While the Magistrate Judge noted that additional discovery and expert preparation would need to be conducted on a short timetable, she found that the greatest burden was on Whitaker.[30] The Magistrate Judge noted that GM admitted it had seatbelt experts on staff, and that the seatbelt at issue in this case had been examined.[31] Therefore, the Magistrate Judge determined that Whitaker had shown good cause for her proposed amendment under the criteria set forth in Rule 16.[32] Accordingly, the Magistrate Judge granted Whitaker leave to amend her complaint but noted that her proposed amendment must be revised to clarify the theory of relief under the LPLA.[33] The Magistrate Judge granted Whitaker until April 14, 2017, to file a revised Second Amended Complaint, identical in all respects except for specifically pleading the theory of relief under the LPLA.[34]

---

[27] *Id.*

[28] *Id.*

[29] *Id.*

[30] *Id.* at 5.

[31] *Id.*

[32] *Id.* at 6.

[33] *Id.*

[34] *Id.*

## II. Parties' Arguments

### A.  *GM's Arguments in Support of Motion for Review of Magistrate Judge's Order*

GM requests de novo review of the Magistrate Judge's April 12, 2017 Order.[35] GM notes that the Court did not reset the deadline for filing amendments to pleadings when it continued the trial date in this matter, and it asserts that Whitaker "did not demonstrate good cause to justify a complete change in her defect theory in this products liability case."[36] It notes that "[p]retrial motions are due, and discovery must be completed, in less than 80 days."[37]

According to GM, there is no justifiable reason for Whitaker's delay as the case has been pending almost a year, and it involves a motor vehicle accident that occurred two years ago.[38] Moreover, GM notes that Whitaker referenced its document production to excuse her delay, but she did not identify a single document to justify her untimely request to amend.[39] GM notes that Whitaker's expert purports to have expertise in seatbelts, but offered no reason for his delay in raising the seatbelt theory.[40] Therefore, GM asserts that this factor weighs in its favor.[41]

GM also contends that Plaintiff did not prove the importance of her proposed amendment as she can proceed under her theory that the airbag was defective.[42] Therefore, GM asserts that

---

[35] Rec. Doc. 38-1 at 1.

[36] *Id.* at 1–2.

[37] *Id.*

[38] *Id.* at 3.

[39] *Id.*

[40] *Id.* at 3–4.

[41] *Id.* at 4.

[42] *Id.*

this factor weighs in its favor.[43]

GM asserts that it will be prejudiced by the amendment because there is not enough time to respond to Whitaker's new defect theory under the current Scheduling Order.[44] GM contends that all discovery to date has been based on Whitaker's allegation regarding the airbag, and that is the only allegation it is prepared to defend.[45] GM asserts that the Magistrate Judge's Order "incorrectly emphasized that Plaintiff needs only 'minimal, targeted written discovery' for her new defect theory, but the focus should be whether GM LLC will be prejudiced if the motion is granted—not whether Plaintiff will be inconvenienced."[46] GM contends that its sophistication and litigation experience, which was relied upon by the Magistrate Judge, does not justify Whitaker's failure to comply with the Court's Scheduling Order.[47] Therefore, GM argues that this factor weighs in its favor.[48]

Finally, GM contends that another continuance of the trial date is not warranted as the trial was recently continued from June until September 2017, at Whitaker's request.[49] Therefore, GM argues that this factor weighs in its favor.[50]

---

[43] *Id.*

[44] *Id.* at 4–5.

[45] *Id.* at 5.

[46] *Id.*

[47] *Id.*

[48] *Id.* at 6.

[49] *Id.*

[50] *Id.*

7

### B. *GM's Arguments in Support of Motion to Strike*

GM also moves the Court to strike Whitaker's second amended complaint from the record.[51] GM asserts that Whitaker's second amended complaint should be stricken for the reasons set forth in the motion for review of the Magistrate Judge's Order.[52]

### C. *Whitaker's Arguments in Opposition to Both Motions*

Whitaker opposes both motions.[53] Whitaker contends that GM did not state the correct standard of review applicable to the Magistrate Judge's Order, and so GM's motion for review and motion to strike should be denied.[54] Whitaker notes that when "objections are raised to a Magistrate Judge's ruling on a non-dispositive pretrial motion, a district court must consider them and modify or set aside any part of the Order that is either clearly erroneous on contrary to law."[55] Whitaker concedes that the Magistrate Judge's legal conclusions are reviewable *de novo*, but she asserts that GM's objection is fact based as it does not contend that the Magistrate Judge applied the wrong law.[56] Whitaker contends that the Magistrate Judge's findings were not clearly erroneous and are supported by the record.[57] Furthermore, Whitaker argues that it would have been very difficult to fully develop the seatbelt theory before the August 29, 2016 pleading amendment deadline.[58]

---

[51] Rec. Doc. 39.

[52] Rec. Doc. 39-1.

[53] Rec. Doc. 43.

[54] *Id.* at 2.

[55] *Id.*

[56] *Id.*

[57] *Id.*

[58] *Id.* at 3.

Therefore, Whitaker asserts that the Magistrate Judge's Order should be affirmed.[59]

## III. Standard of Review

With certain exceptions not applicable here, a district judge "may designate a magistrate judge to hear and determine any pretrial matter pending before the [district] court."[60] When objections are raised to non-dispositive pretrial matters, a district court must consider them and "modify or set aside any part of the order that is clearly erroneous or contrary to law."[61] Under this highly deferential standard, the court will reverse only when "on the entire evidence [it] is left with a definite and firm conviction that a mistake has been committed."[62]

## IV. Law and Analysis

Pursuant to the Court's Scheduling Order, "[a]mendments to pleadings, third-party actions, cross claims, and counterclaims shall be filed no later than August 29, 2016."[63] The motion seeking to file a second amended complaint was not filed, however, until March 30, 2017.[64] Federal Rule of Civil Procedure 16(b) governs the amendment of pleadings after the Scheduling Order's deadline to amend has expired.[65] The Magistrate Judge applied Rule 16(b) in her April 12, 2016 Order granting Whitaker leave to file a second amended complaint.[66]

---

[59] *Id.*

[60] 28 U.S.C. § 636(b)(1)(A).

[61] Fed. R. Civ. P. 72(a).

[62] *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

[63] Rec. Doc. 15 at 2; Rec. Doc. 27 at 2 ("The deadline for amendments to pleadings, third-party actions, cross claims, and counterclaims has passed and is not reset.").

[64] Rec. Doc. 29.

[65] *Fahim v. Marriott Hotel Services, Inc.*, 551 F.3d 344, 348 (5th Cir. 2008); *S&W Enterprises*, 315 F.3d at 536.

[66] *See* Rec. Doc. 35.

The decision to grant or deny leave to amend a complaint lies within the discretion of the district court.[67] Rule 16(b) provides that once a scheduling order has been entered, it "may be modified only for good cause and with the judge's consent."[68] "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'"[69] As the Fifth Circuit has explained, the four factors bearing on good cause in the context of untimely motions to amend pleadings are: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[70]

GM asserts that this Court should review the Magistrate Judge's Order *de novo*. However, Whitaker correctly notes that when objections are raised to non-dispositive pretrial matters decided by a magistrate judge, a district court must consider them and "modify or set aside any part of the order that is clearly erroneous or contrary to law."[71] The Magistrate Judge applied Rule 16(b) in her April 12, 2016 Order granting Whitaker leave to file a second amended complaint and determined that amendment was proper considering the four factors set forth by the Fifth Circuit in determining whether good cause exists to allow amendment to pleadings after the pleading deadline.[72]

---

[67] *Little v. Liquid Air Corp.*, 952 F.2d 841, 845 (5th Cir. 1992).

[68] Fed. R. Civ. P. 16(b)(4).

[69] *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (quoting *S&W Enterprises*, 315 F.3d at 535; 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)).

[70] *Sw. Bell Tel. Co.*, 346 F.3d at 546 (quoting *S&W Enters.*, 315 F.3d at 536)).

[71] Fed. R. Civ. P. 72(a).

[72] *See* Rec. Doc. 35.

Addressing the first factor set forth by the Fifth Circuit, the Magistrate Judge found Whitaker's explanation for the failure to timely move for leave to amend unavailing because she recognized that it may have been possible for Whitaker's expert to discover the seatbelt theory at an earlier time.[73] However, the Magistrate Judge found that the other factors set forth by the Fifth Circuit weighed in favor of allowing the amendment so as to outweigh any concern regarding Plaintiff's failure to amend prior to the August 29, 2016 pleading deadline.[74] Specifically, the Magistrate Judge found that the amendment was important to ensure that the case proceeds to trial under the appropriate legal theory.[75] The Magistrate Judge found that GM would not suffer any prejudice as a result of the amendment because only minimal, targeted written discovery would be necessary.[76] GM argues that it will suffer prejudice in having to respond to this additional claim on a tightened discovery timetable, but it does not point to any specific prejudice it will suffer. Finally, as for the fourth factor, the Court will not continue the trial date in this matter as no such request has been made by either party, and GM has not shown that it will be unable to complete discovery by July 11, 2017 discovery deadline. Accordingly, GM has not met its burden of showing that the Magistrate Judge's decision was clearly erroneous or contrary to law. Moreover, because the Court finds that the Magistrate Judge's decision to allow Whitaker leave to amend is proper, the Court hereby denies GM's motion to strike Whitaker's second amended complaint.

---

[73] *Id.* at 4.

[74] *Id.*

[75] *Id.*

[76] *Id.*

## V. Conclusion

For the reasons stated above, the Magistrate Judge's April 12, 2017 Order was not clearly erroneous or contrary to law. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's April 12, 2017 Order is **AFFIRMED.**

**IT IS FURTHER ORDERED** that GM's "Motion to Strike Plaintiff's Second Amended Complaint"[77] is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this __2nd__ day of June, 2017.

*[signature]*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[77] Rec. Doc. 39.